IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARLOS WILLIAMS                                                                        PLAINTIFF

VS.                                                        CIVIL ACTION NO.  3:17cv401-DPJ-FKB

JUSTICE UNKNOWN
KITCHEN, JUSTICE
UNKNOWN RANDOLPH, and
JUSTICE UNKNOWN
COLEMAN                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff was convicted of capital murder in state court in 1998 and sentenced to life imprisonment without parole.  His conviction was affirmed on appeal.  In February of 2017, he filed with the Supreme Court of Mississippi a motion for post-conviction relief, asserting that his constitutional rights had been violated because a full transcript of his trial court proceedings was not provided for his direct appeal.  By order dated March 1, 2017, the Supreme Court of Mississippi dismissed the petition.   The panel considering the petition consisted of Justices Kitchens, Randolph, and Coleman, Defendants herein.

Plaintiff then filed the present action challenging the state supreme court's denial of relief.  He requests declaratory and injunctive relief, specifically, a judgment that Defendants' actions were unconstitutional and an injunction prohibiting Defendants from continuing to violate his constitutional rights.  The action was initially docketed and treated as a petition for relief pursuant to 28 U.S.C. § 2254.  However, upon receiving notice that his filing was being considered as a habeas petition, Plaintiff sent a letter to the Clerk clarifying that he was seeking relief under 42 U.S.C. § 1983 and not under 42

U.S.C. § 2254. [3].[1]  The Court then entered an order construing the action as one filed pursuant to § 1983 and directing that the docket be edited to that effect.  [6].

Presently before the Court is Defendants' motion to dismiss.  Defendants argue that, pursuant to the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over this action.  They also argue that the Eleventh Amendment bars this action, that Plaintiff has failed to state a claim, that the action is barred pursuant to the doctrine enunciated in *Heck v. Humphrey*, 512 U.S. 477 (1994), and that Defendants have absolute immunity.

The undersigned finds that Defendants' first argument is dispositive.  In the absence of some specific statutory authority to the contrary, such as 28 U.S.C. § 2254, the *Rooker-Feldman* precludes a federal court from reviewing the validity of a state court judgment.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  As the Fifth Circuit observed in a case factually similar to the present one, "[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."  *Moore v. Texas Ct. of Crim. App.*, 561 Fed. Appx. 427, 430 (5th Cir. 2014) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).  Plaintiff's only possible avenue for challenging the state court's action in this court is through the filing of a § 2254 petition.  Accordingly, the undersigned recommends that this action be dismissed for lack of subject matter jurisdiction.

---

[1] Plaintiff thereafter paid the $400 filing fee.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 9th day of March, 2018.

s/ F. Keith Ball
United States Magistrate Judge